UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jordan McDaniel, | ) C/A No. 4:14-301-RMG-TER |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| | ) |
| Berkeley County Jail, and | ) |
| Medical Provider, Southern Health, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

This is a civil action filed *pro se* by a local detention center inmate. Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## BACKGROUND

Jordan McDaniel ("Plaintiff") is detained at the Berkeley County Detention Center in Moncks Corner, South Carolina. In the Complaint now under review, he alleges that he was given the wrong medication while at the jail, and they he became seriously ill as a result. Plaintiff alleges that when he asked for an emergency medical evaluation by outside medical providers, the request was denied with the nurse who gave him the wrong medicine saying that he "would live." Compl. 4, ECF No. 1. Plaintiff names the detention center and its contracted medical provider corporation as the only Defendants, and seeks injunctive relief and damages. *Id.* at 5.

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

*A. Berkeley County Detention Center is not a person acting under color of state law*:

Initially, the Complaint should be summarily dismissed insofar as it names Berkeley

Detention Center as a Defendant. To state a plausible claim for relief under 42 U.S.C. § 1983,[1] an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). It is well settled that only "persons" may act under color of state law, and, therefore, a defendant in a § 1983 action must qualify as a "person."

For example, several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Additionally, use of the term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in § 1983 actions. *See Barnes v. Baskerville Corr. Cen. Med. Staff*, No. 3:07CV195, 2008 WL 2564779 (E.D. Va. June 25, 2008). Berkeley County Detention Center is a building or group of buildings, and

---

[1] Plaintiff's claims for damages allegedly arising from the conditions of his confinement within a county detention center in South Carolina are properly considered by this court under its federal question jurisdiction pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jett v. Dallas Indep. School Dist.*, 491 U.S. 701, 731-32 (1989). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citation omitted) (emphasis added). Plaintiff does not reference any other legal basis for his pleading, and no other plausible basis for the exercise of this court subject matter jurisdiction over Plaintiff's allegations is evident from the face of the Complaint.

naming it as a Defendant does not constitute naming a person acting under state law as shown by the *Preval* and *Brooks* cases cited previously. Thus, no plausible § 1983 claim is stated against the detention center and the Complaint should be summarily dismissed as to that Defendant.

*B. Southern Partners, no vicarious liability*:

Also, the Complaint should be summarily dismissed insofar as Defendant Southern Health is concerned because there is no allegation of the required level of personal involvement and/or knowledge of the medication mixup against the corporation to impose any form of supervisory liability on it under § 1983. As a general rule, the doctrine of vicarious liability or *respondeat superior* is not available to a § 1983 Plaintiff as a means to create liability of a supervisor of a state actor for the acts or his/her subordinate. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). There is a limited exception to the prohibition against imposing *respondeat superior* or vicarious liability on supervisory personnel in § 1983 cases, however, which has been enunciated in cases such as *Slakan v. Porter*, 737 F.2d 368, 370-75 (4th Cir. 1984). Supervisory entities such as Southern Health may be held liable in certain circumstances for the constitutional injuries inflicted by its employees so long as the facts alleged satisfy the Fourth Circuit Court of Appeals' established three-part test for supervisory liability under § 1983: "(1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices,'; and (3) that there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)(citations omitted).

In *Randall v. Prince George's County*, 302 F.3d 188, 206 (4th Cir. 2002), the Fourth Circuit concluded that, "[u]nder the first prong of *Shaw*, the conduct engaged in by the supervisor's subordinates must be 'pervasive,' meaning that the 'conduct is widespread, or at least has been used on several different occasions.'" Furthermore, in establishing "deliberate indifference" under *Shaw's* second prong, a plaintiff "[o]rdinarily . . . cannot satisfy his burden of proof by pointing to a single incident or isolated incidents . . . for a supervisor cannot be expected . . . to guard against the deliberate criminal acts of his properly trained employees when he has no basis upon which to anticipate the misconduct." *Id*. (quoting *Slakan*, 737 F.2d at 373).

The *Slaken* exception is not satisfied by the Complaint now under review because there are no allegations of any personal knowledge (or even subjective knowledge) on Southern Health's part of the medication mix-up of which Plaintiff complains. Thus, regardless of how pervasive the alleged healthcare problems at Berkeley County Detention Center might be, Southern Health cannot be found liable for them simply based on its status as the ultimate "supervisor" of the medical care at the detention center. The lack of any allegations establishing a plausible § 1983 claim against Defendant Southern Health requires that the Complaint be summarily dismissed insofar as it seeks to hold the company liable for damages and/or other relief.

Because Plaintiff fails to name any Defendant that could be potentially liable to him under § 1983, the Complaint should be summarily dismissed in its entirety.

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice. See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should

review prisoner cases to determine whether they are subject to summary dismissal).

    Plaintiff's attention is directed to the important notice on the next page.

s/ Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

April 30, 2014  
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).