IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jordan McDaniel, ) | |
| ) | No. 4:14-cv-301-RMG |
| Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| Berkeley County Jail and Medical Provider ) | |
| Southern Health, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 20), recommending that this action be dismissed without prejudice and without issuance of service. Plaintiff filed timely objections. (Dkt. No. 26). For the reasons stated below, the Court ADOPTS the R & R and DISMISSES this action without prejudice.

### I. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those portions of the R & R or specified proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

1

As to portions of the R & R to which no specific objection has been made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quoting Fed. R. Civ. P. 72 advisory committee note). Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

*Pro se* complaints are construed liberally to allow the development of meritorious claims. However, the requirement of a liberal construction does not mean that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim. *See Well v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990) ("The special judicial solicitude with which a district court should view pro se complaints does not transform the court into an advocate."). Furthermore, the Court must dismiss an *in forma pauperis* action *sua sponte* if the claim is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989).

## II. Discussion

Plaintiff is a detainee at the Berkeley County Detention Center. He alleges that Nurse Patty gave him the wrong medication, which caused him to suffer from migraine headaches, chest pains, thoughts of suicide, depression, nausea, vomiting and high blood pressure. (Dkt. No. 1 at 4). Upon realizing this mistake, Plaintiff alleges that Nurse Patty tried to force Plaintiff to

vomit, checked his blood sugar and placed him on observation. (*Id.* at 5). Plaintiff asked to go to the ER, and the nurse informed that there "was no need" and that he "would live." (*Id.*).

In Plaintiff's Complaint, he only names Berkeley County Jail and Southern Health as defendants. (*See* Dkt. No. 1). The Magistrate Judge found (1) that the Berkeley County Detention Center was not a "person" that could act under the color of state law and (2) that the Complaint makes no allegations of personal involvement or knowledge on the part of Southern Health that could result in supervisory liability under § 1983. (Dkt. No. 20 at 3-5). Thus, the Magistrate Judge recommended dismissal of the entire action. (*Id.* at 5). Plaintiff does not object to the specific findings made by the Magistrate Judge but repeats his allegations and asks that the Court liberally construe his allegations to allow a claim. (Dkt. No. 26).

The Court agrees that Berkeley County Detention Center is not a "person" who can act under the color of state law for the purposes of § 1983. *See Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). The Court also agrees that Plaintiff fails to allege any cause of action against Southern Health. Even if the Court construes the Complaint as attempting to allege a cause of action against Nurse Patty, Plaintiff has only alleged that Nurse Patty was negligent is giving him the wrong medication. Negligence is not actionable under § 1983. *Pink v. Lester*, 52 F.3d 73, 74-75 (4th Cir. 1995). Therefore, summary dismissal is appropriate.

### III. Conclusion

For the reasons stated above, the Court **ADOPTS** the R & R (Dkt. No. 20) and **DISMISSES** this action without prejudice and without issuance of service.

//

3

**IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Judge

June 12, 2014
Charleston, South Carolina